# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WILLIE A. EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV411-256 |
| LCA SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Willie A. Evans, along with his brothers Milton and Ricky, has filed a slew of *pro se* cases under the Fair Credit Reporting Act (FCRA). *See* doc. 3 at 1 n. 1; doc. 4. He was directed by this Court to file an Amended Complaint in this case showing private enforcement facts demonstrating "that defendants were actually notified by a credit reporting agency of the erroneous information" or face the dismissal of this action with prejudice. In his Amended Complaint Evans alleges that he contacted credit reporting agencies and they issued disputation documentation to the defendant but the defendant refused to update its records to reflect

that fact. Doc. 5 at 1-2. That additional assertion cures the pleading deficiency.

The Court, however, also directed Evans to "include a list of each and every lawsuit that he has filed nationwide (including the full caption of each, filing dates, what filing fees he paid, and the current status of such cases). . . . (Doc. 3 at 6.) And, it directed him to identify whether he was related to Milton and Ricky Evans, who had filed a mass of FCRA litigation before this and other courts. (*Id.*)

Evans has only half-way complied. He identified himself as an Evans brother but has failed to include the list of lawsuits as directed. Brothers Milton and Ricky saw their cases dismissed for failure to comply at all with the same directive. *See Ricky Evans v. World Finance Corporation of Georgia*, CV611-061, doc. 12 (S.D. Ga. Oct. 11, 2011) (dismissed, no appeal); *Milton Evans Appalachian Mountain Services, Inc.*, CV611-037, doc. 19 (S.D. Ga. Oct. 11, 2011) (dismissed, no appeal). Complying only half-way is not enough, so this case should also be **DISMISSED** without prejudice for failure to comply with a Court order.[1]

---

[1] The Eleventh Circuit recently noted that

**SO REPORTED AND RECOMMENDED** this  22nd  day of November, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

> the district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *See* Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987); *see also Betty K Agencies*, 432 F.3d at 1337.

*Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011). In contrast,

> [d]ismissal *with* prejudice is a sanction of last resort, and only proper if the district court finds "a clear record of . . . willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483–84 (11th Cir. 2006) (quotation marks omitted). In contrast, dismissal without prejudice generally does not constitute an abuse of discretion, even for a single, relatively minor procedural violation, because the affected party may re-file his or her action. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (concluding district court did not abuse discretion in dismissing complaint without prejudice for failure to file court-ordered brief).

*Id.* (emphasis added); *see also* Fed. R. Civ. P. 41(b); Local Rule 41(b) (authorizing dismissal for neglect of any Court order); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989);*Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).